1

2

3

4

5

6

7

8

9

10

11

12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

| | | |
|---|---|---|
| GERARDO JERRY MENCHACA, | ) | No. C 07-4051 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ROBERT AYERS, Warden, | ) | (Docket No. 3) |
| | ) | |
| Respondent. | ) | |
| | ) | |

19          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254 challenging the finding by the California Board of

21    Parole Hearings ("Board") that petitioner is unsuitable for parole.  The court will order

22    respondent to show cause why the petition should not be granted..

23                                    **STATEMENT**

24          In 1992, petitioner was sentenced to a term of 16 years-to-life in state prison after

25    his conviction for second degree murder in Santa Clara County Superior Court.  At his

26    parole suitability hearing in 2006, the Board found petitioner unsuitable for parole.

27    Petitioner challenged this finding in habeas petitions filed in all three levels of the

28    California courts.  Petitioner thereafter filed the instant petition.

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.07\Menchaca051osc.wpd       1

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.    <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims: (1) the Board's decision violates petitioner's right to due process because there is not "some evidence" that petitioner poses a risk of danger to society; (2) the Board violated petitioner's constitutionally protected liberty interest in release on parole; (3) the Board's failure to consider all relevant post-conviction factors violated petitioner's due process right to a fair and meaningful hearing; (4) the Board violated the Ex Post Facto, Due Process and Equal Protection Clauses of the United States Constitution by denying parole pursuant to a policy of "normally" denying parole to all "term-to-life" prisoners; and (5) the Board violated petitioner's right to due process by allowing the nephew of the victim to testify at the parole suitability hearing.  Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.    The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve on petitioner, within **sixty**

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.07\Menchaca051osc.wpd      2

1    **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the

2    Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

3    not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all

4    portions of the state parole record that have been transcribed previously and that are

5    relevant to a determination of the issues presented by the petition.

6        If petitioner wishes to respond to the answer, he shall do so by filing a traverse

7    with the court and serving it on respondent within **thirty days** of his receipt of the

8    answer.

9        3.    Respondent may file a motion to dismiss on procedural grounds in lieu of

10   an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

11   Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file

12   with the court and serve on respondent an opposition or statement of non-opposition

13   within **thirty days** of receipt of the motion, and respondent shall file with the court and

14   serve on petitioner a reply within **fifteen days** of receipt of any opposition.

15       4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded

16   that all communications with the court must be served on respondent by mailing a true

17   copy of the document to respondent's counsel.  Petitioner must keep the court and all

18   parties informed of any change of address by filing a separate paper captioned "Notice of

19   Change of Address."  He must comply with the court's orders in a timely fashion.  Failure

20   to do so may result in the dismissal of this action for failure to prosecute pursuant to

21   Federal Rule of Civil Procedure 41(b).

22       IT IS SO ORDERED.

23   DATED:    2/22/08

_Ronald M. Whyte_
RONALD M. WHYTE
24                                        United States District Judge

25

26

27

28

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.07\Menchaca051osc.wpd        3

1    On __2/25/08_____, a copy of this order was mailed to the following:

2

3    Gerardo Jerry Menchaca
     San Quentin State Prison
4    D-87412
     San Quentin, CA 94974
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.07\Menchaca051osc.wpd        4