EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5531
  Fax:  (415) 703-5843
  Email:  Denise.Yates@doj.ca.gov
Attorneys for Respondent Robert L. Ayers, Jr.,
Warden at San Quentin State Prison
SF2008400800

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERARDO JERRY MENCHACA,<br><br>                      Petitioner,<br><br>v.<br><br>ROBERT AYERS, Warden,<br><br>                      Respondent. | No. C 07-4051 RMW (PR)<br><br>RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

## INTRODUCTION

Petitioner Gerardo Menchaca (D-87412) is a California state prisoner proceeding pro se in this habeas corpus matter in which he challenges the Board of Parole Hearings' May 12, 2006 decision denying him parole.[1] This Court found cognizable five claims: (1) the Board's decision violates Menchaca's right to due process because there is not some evidence that he poses a risk of danger to society; (2) the Board violated Menchaca's constitutionally protected

---

    1. A proper habeas respondent is the person having custody of the petitioner, such as the warden. Rules Governing § 2254 Cases, Rule 2(a). But because the actions complained of in this Petition concern a parole consideration hearing, "the Board" and "Respondent" will be used interchangeably for convenience only.

liberty interest in release on parole; (3) the Board's failure to consider all relevant post-conviction factors violated Menchaca's due process right to a fair and meaningful hearing; (4) the Board violated the Ex Post Facto, Due Process, and Equal Protection Clauses of the United States Constitution by denying parole pursuant to a policy of normally denying parole to all term-to-life prisoners; and (5) the Board violated Menchaca's right to due process by allowing the nephew of the victim to testify at the parole consideration hearing. (Order to Show Cause 2.)

Menchaca generally challenges how the Board weighed the evidence, but weighing the evidence is within the Board's exclusive discretion. Further, assuming the some-evidence standard applies, some evidence supports the Board's decision denying Menchaca parole. Moreover, Menchaca's remaining claims are without merit. Thus, the state court's denial of his state habeas petition was not an unreasonable application of United States Supreme Court law, and this Court should deny the Petition.

## ANSWER

Respondent Robert L. Ayers Jr., Warden at San Quentin State Prison, as an Answer to the Order to Show Cause, states:

1. Menchaca is lawfully in the custody of the California Department of Corrections and Rehabilitation. (Ex. 1.) In 1992, Menchaca was convicted of committing second-degree murder and having served a prior prison term, and he was sentenced to sixteen years to life. (Ex. 1.)

2. Menchaca does not challenge his conviction in this petition. (Pet., Attached Page 1.) Rather, Menchaca challenges the Board's May 12, 2006 decision denying him parole. (Pet., Attached Page 1.)

3. Respondent disagrees with the Ninth Circuit's decision in *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006), and denies that Menchaca has a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (finding that a convicted person does not have a federally protected liberty interest in parole release unless the state creates the interest through the "unique structure and language" of its parole statutes, thereby giving inmates an expectancy in parole release); *In re Dannenberg*, 34

Cal. 4th 1061, 1087-88 (2005) (clarifying that under California Penal Code section 3041, the setting of a parole release date is neither mandatory nor presumed); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (finding that an inmate's constitutional liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Accordingly, Respondent preserves the argument that because Menchaca is not in custody in violation of federal law, he has not alleged a federal question and this Court does not have subject matter jurisdiction to decide his Petition. 28 U.S.C. § 2254(a).

4. Even if Menchaca has a federally protected liberty interest in parole, he received all the process due under clearly established Supreme Court authority. *Greenholtz*, 442 U.S. at 16. As required by *Greenholtz*, Menchaca received an opportunity to be heard (*e.g.*, Ex. 2 at 94-96), and the Board provided a decision informing Menchaca of the bases for denying him parole (Ex. 2 at 103-111). Menchaca also received timely notice of the hearing (Ex. 2 at 5), and was represented by an attorney at the hearing (Ex. 2 at 2).

5. Respondent denies that the Supreme Court has ever clearly established that a state parole board's decision must be supported by some evidence. *See Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) ("What matters are the holdings of the Supreme Court, not the holdings of lower federal courts."); *contra Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007). Alternatively, the state courts correctly determined that some evidence supports the Board's May 12, 2006 decision. (*See* Ex. 2); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying the some-evidence standard to prison disciplinary hearings); *In re Rosenkrantz*, 29 Cal. 4th 616, 677 (2002); *Dannenberg*, 34 Cal. 4th at 1094-95.

6. At his first subsequent parole consideration hearing (Ex. 2 at 42), the Board found that Menchaca's crime was a factor supporting his parole denial (Ex. 2 at 103-106). In short, Menchaca initiated a car chase, during which gestures and words were exchanged between the occupants of the vehicles and Menchaca's passenger, Hector Oropeza, brandished a large hunting-style knife. (Ex. 3 at 2-3.) Once parked, the victim, Richard Figueroa, exited the vehicle, Menchaca and Oropeza rushed and attacked Figueroa, and then they fled in their vehicle.

(Ex. 3 at 3.) Figueroa had been stabbed fifteen times, some stab wounds were four-and-a-half inches deep, and the stabbings perforated Figueroa's chest, lungs, liver, colon, and intestines. (Ex. 3 at 3; Ex. 15.) Figueroa's cause of death was from the wounds to his head, chest, and abdomen. (Ex. 3 at 3.) Menchaca had been drinking before the crime. (Ex. 2 at 18; Ex. 14 at 5.)

7. In denying Menchaca parole, the Board also relied on Menchaca's record of violence and assaultive behavior, and found that he had an escalating pattern of criminal conduct, he had failed a previous grant of probation and parole, he had failed society's attempts to correct his criminality, and he could not be counted on to avoid criminality. (Ex. 2 at 106.) Specifically, Menchaca had been committed to the California Youth Authority, had served a prior prison term, had been sentenced to adult probation and parole, had battered a police officer, and had driven under the influence resulting in someone's death. (Ex. 2 at 29-31, 106.)

8. In denying Menchaca parole, the Board also relied on Menchaca's institutional programming and behavior. (Ex. 2 at 106.) Specifically, Menchaca had insufficiently participated in beneficial self-help programs and had only sporadically attended Alcoholics Anonymous, which was significant considering the role alcohol had played in two people's deaths. (Ex. 2 at 106; *see also* Ex. 3 at 5-7 [summarizing Menchaca's drug and alcohol abuse]; Ex. 2 at 32-33, 68-69 [same].) In addition, Menchaca had received three serious rules violation reports since his last parole consideration hearing for possessing a hypodermic needle and controlled substances. (Ex. 2 at 106-107; Exs. 4-6.) Menchaca had also received five counseling memoranda. (Ex. 2 at 107; Ex. 7.)

9. The Board also noted law enforcement's opposition to parole (Ex. 2 at p. 108; Ex. 14), and the victim's family spoke at the hearing and opposed Menchaca's parole (Ex. 2 at 96-102).

10. The Board noted that Menchaca had housing and job offers and marketable skills, and commended him on his accomplishments. (Ex. 2 at 108; see also Ex. 2 at 46-51.) But the Board found that Menchaca did not have verified contacts with AA outside of prison, which was significant considering Menchaca's sporadic AA attendance in prison. (Ex. 2 at 107-108.) The Board also found that Menchaca's gains were recent and that he needed to demonstrate an ability

1 | to maintain them over an extended period of time. (Ex. 2 at 108.) The Board commented that
2 | Menchaca's inability to abide by the rules in the institution did not support a finding that he
3 | could function appropriately in the community on parole. (Ex. 2 at 111.)

4 |     11.    In a separate decision, the Board found that it would not be reasonable
5 | to expect that parole would be granted to Menchaca in the next four years. (Ex. 2 at 108.)

6 |     12.    Menchaca filed a habeas petition in the Santa Clara County Superior Court
7 | challenging his 2006 parole denial, in which Menchaca alleged the same claims underlying this
8 | federal proceeding. (Ex. 8.) The superior court found that Menchaca's crime and rules violation
9 | reports supported the finding of unsuitability. (Ex. 9.) The superior court's decision was not an
10 | unreasonable application of clearly established United States Supreme Court law.

11 |     13.    Menchaca filed a petition for writ of habeas corpus in the appellate court and a
12 | petition for review in the California Supreme Court, respectively. (Exs. 10, 12.) In both
13 | petitions, Menchaca alleged the same claims underlying this federal proceeding. (Exs. 10, 12.)
14 | The appellate and supreme courts summarily denied Menchaca's petitions. (Exs. 11, 13.)

15 |     14.    Respondent admits that Menchaca appears to have exhausted his claims that: (1)
16 | the Board's decision violates Menchaca's right to due process because there is not some evidence
17 | that he poses a risk of danger to society; (2) the Board violated Menchaca's constitutionally
18 | protected liberty interest in release on parole; (3) the Board's failure to consider all relevant post-
19 | conviction factors violated Menchaca's due process right to a fair and meaningful hearing; (4) the
20 | Board violated the Ex Post Facto, Due Process, and Equal Protection Clauses of the United
21 | States Constitution by denying parole pursuant to a policy of normally denying parole to all
22 | term-to-life prisoners; and (5) the Board violated Menchaca's right to due process by allowing
23 | the nephew of the victim to testify at the parole consideration hearing. Respondent does not
24 | admit that Menchaca has exhausted these claims to the extent they can be more broadly
25 | interpreted. Respondent admits that the Petition does not appear to be barred by any other
26 | procedural bar or by the non-retroactivity doctrine.

27 |     15.    Menchaca fails to state or establish any grounds for federal habeas corpus relief.
28 | 28 U.S.C. § 2254(d).

16. Respondent denies that the Board failed to consider all relevant post-conviction factors and denies that Menchaca was deprived of a fair and meaningful hearing. (*E.g.*, Ex. 2 at 33-51.)

17. Respondent denies that because the probation report relied on information from the preliminary hearing, the report was unreliable. Respondent denies that the report was unreliable and that Menchaca has met his burden of asserting specific facts in support of this allegation. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also* Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts supporting each ground).

18. Respondent denies that the Board improperly relied on Menchaca's commitment offense and precommitment behavior. Cal. Penal Code § 3041(b); Cal. Code Regs. tit. 15, § 2402(b)-(c). Respondent also denies that any clearly established United States Supreme Court decision precludes the Board from relying on these factors. Respondent further denies that all other factors indicate that Menchaca is suitable for release. (*E.g.*, Ex. 2 at 106-108.)

19. Respondent denies that any clearly established United States Supreme Court law requires that Menchaca's crime "go beyond" the conduct constituting a second-degree murder, constitute some evidence that he is a continuing threat to public safety, or must have been committed in an exceptionally callous or particularly egregious manner to support a parole denial.

20. Respondent denies that any clearly established United States Supreme Court decision makes relevant the calculation of Menchaca's term or the sentencing matrixes until Menchaca is found suitable for parole. *Accord Dannenberg*, 34 Cal.4th at 1080.

21. Respondent denies that the Board denied Menchaca parole based solely on his commitment offenses and precommitment factors. (Ex. 2 at pp. 103-108, 110-111.) Thus, Menchaca's reliance on the dicta in *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003), and the "particularly egregious" standard established by the California Supreme Court is inapposite.

22. Respondent denies that the Board is precluded from relying on Menchaca's post-conviction behavior unless it involved violence. Cal. Code Regs. tit. 15., § 2402(b).

23. Respondent denies that Menchaca did not have notice that the Board could

1 | consider the district attorney or police department's opposition to his parole. Cal. Penal Code §§ 3042(a) & (f)(3), 3043.5(b), 3046(c); Cal. Code Regs., tit. 15, § 2402(b); *Dannenberg*, 34 Cal.4th at 1085. Thus, the Board considering this factor was not "void for vagueness."

24. Respondent denies that any clearly established United State Supreme Court law requires the Board to discuss every factor tending to show suitability as listed in the regulations, and that the Board is precluded from relying on a factor that is not listed as one tending to show unsuitability.

25. Respondent denies that the Board retried the case; rather, the Board accepted as true the findings of the trial court (Ex. 2 at 6), and Menchaca had the opportunity to explain any perceived inaccuracies in the record (*see generally* Ex. 2).

26. Respondent denies that the Board has a policy of normally denying term-to-life prisoners parole and that this policy is the reason he was denied parole in 2006. Respondent also denies that the Board denying Menchaca parole in 2006 violated the Ex Post Facto or Equal Protection Clauses. Respondent also denies that Menchaca has met his burden of asserting specific facts in support of these allegations. *James*, 24 F.3d at 26; *see also* Rules Governing § 2254 Cases, Rule 2(c)(2). Menchaca has not alleged how his sentence of sixteen years to life was increased by his parole denial, *Garner v. Jones*, 529 U.S. 244, 255 (2000), or how he has been treated differently from similarly situated prisoners, *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

27. Respondent denies that Menchaca was denied a fair and impartial hearing because the Board allowed Dave Figueroa to speak at Menchaca's 2006 hearing. Respondent denies that Dave Figueroa twice identifying himself as the victim's brother (Ex. 2 at 2, 101) and correcting himself when he referred to the victim as his uncle during Menchaca's parole consideration hearing (Ex. 2 at 102) establishes any violation of Menchaca's federal rights. This is especially true when the Board did not even mention the victim's next of kins' statements in its decision. (*See* Ex. 2 at 103-108.) Respondent further denies that Dave Figueroa testified under oath at Menchaca's parole consideration hearing. (*See* Ex. 2 at 96, 98.)

28. Respondent denies that Menchaca is entitled to release or that the Board should

have set a release date. If this Court decides to grant Menchaca habeas relief, the remedy is limited to a new Board hearing that comports with due process. *Benny v. U.S. Parole Comm'n,* 295 F.3d 977, 984-85 (9th Cir. 2002) (noting that the parole board must exercise the discretion in determining whether or not an inmate is suitable for parole); *see Rosenkrantz,* 29 Cal. 4th at 658 (noting that the proper remedy for a Board decision lacking some evidence is a new hearing comporting with due process).

29. Except as expressly admitted above, Respondent denies, generally and specifically, every allegation of the Petition, including but not limited to Menchaca's claims outlined in the Order to Show Cause. Respondent further denies that the Board acted arbitrarily and capriciously and that Menchaca's administrative, statutory, or constitutional rights were violated, including his Fifth and Fourteenth Amendment rights to due process, and the Ex Post Facto and Equal Protection Clauses.

Respondent respectfully requests that this Court deny the Petition for Writ of Habeas Corpus and discharge the Order to Show Cause.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### I. MENCHACA'S FEDERAL DUE PROCESS RIGHTS DO NOT REQUIRE APPLYING THE SOME-EVIDENCE STANDARD OF REVIEW BECAUSE THE SUPREME COURT HAS NOT ESTABLISHED THAT THAT STANDARD IS APPROPRIATE IN THE PAROLE CONTEXT.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state prisoner's petition for writ of habeas corpus has been adjudicated on the merits in state court, a federal court may grant a writ only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin,* 549 U.S. 70, 127 S. Ct. 649, 653 (2006). Under the only United States Supreme Court law establishing the due process protections in connection with parole determinations, Menchaca received all the process due. Specifically, the United States Supreme Court has found that a parole board's procedures are constitutionally adequate if they afford the inmate: (1) an opportunity to be heard; and (2) a

1  decision informing him why he did not qualify for parole release. *Greenholtz,* 442 U.S. at 16.
2  Here, the Board provided Menchaca an opportunity to be heard (*e.g.,* Ex. 2 at 94-96), and a
3  decision informing him of the bases for denying him parole (Ex. 2 at 103-111). Because
4  Menchaca received all the process due under *Greenholtz,* the state court's decision was not
5  contrary to United States Supreme Court law. Accordingly, his petition should be denied.

6        The Ninth Circuit has held that the some-evidence standard governs parole cases, even
7  though the Supreme Court has never extended that test from disciplinary cases to parole cases.
8  *See, e.g., Hayward v. Marshall,* 512 F.3d 536, 542 (9th Cir. 2008); *Irons v. Carey,* 505 F.3d at
9  851; *but see Musladin,* 127 S. Ct. at 654; *Schriro v. Landrigan,* ___ U.S. ___, 127 S. Ct. 1933,
10 1942 (2007) (no federal habeas relief when the issue is an open question in the Supreme Court's
11 precedent); *see also Wright v. Van Patten,* ___ U.S. ___, 128 S. Ct. 743, 745-47 (2008) (per
12 curiam) (reversing decision after having granted certiorari, vacated the judgment, and remanded
13 for further consideration in light of *Musladin* because "No decision of this Court . . . squarely
14 addresses the issue in this case" and, therefore relief under § 2254(d)(1) is "unauthorized");
15 *Crater v. Galaza,* 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin,* the Ninth Circuit
16 acknowledged that decisions by courts other than the Supreme Court are "non-dispositive" under
17 § 2254(d)(1)). Consequently, this Court should not grant the Petition based on a some-evidence
18 analysis.

19     **II.    EVEN IF THE SOME-EVIDENCE STANDARD APPLIES, THE
          PETITION SHOULD BE DENIED BECAUSE THE STATE
20           COURTS DID NOT UNREASONABLY APPLY THAT
          STANDARD.**
21

22       If this Court finds that the some-evidence standard applies, the state courts did not
23 unreasonably apply that standard. The Board's decision must have a factual basis, but that basis
24 need only consist of "some evidence." *Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir. 2005).
25 This extremely deferential standard of review is satisfied if "there is any evidence in the record
26 that could support the conclusion reached by the [executive decisionmaker]." *Hill,* 472 U.S. at
27 455-56. Consequently, the court does not independently examine the entire record or reweigh the
28 evidence. *Id.* at 455; *accord Sass,* 461 F.3d at 1128.

Here the superior court properly denied Menchaca's Petition based on his crime and rules violation reports. (Answer *supra*, ¶¶ 6, 8.) The superior court did not specifically acknowledge the Board's reliance on Menchaca's violent and criminal history, his insufficient self-help and AA participation, his counseling memoranda, and the opposition by the San Jose Police Department and the district attorney's office. (Answer *supra*, ¶¶ 7-9.) But this Court can still consider these factors because under AEDPA, this Court's review only addresses whether the state court's decision, as opposed to its reasoning, is an unreasonable application of federal Supreme Court law. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (determining in habeas proceedings that "the intricacies of the state court's analysis need not concern us; what matters is whether the *decision* the court reached was contrary to controlling federal law"). Moreover, the Board properly relied on these factors to deny parole. Cal. Penal Code §§ 3042(a) & (f)(3), 3043.5(b), 3046(c); Cal. Code Regs., tit. 15, § 2402(b) & (c)(1); *Dannenberg*, 34 Cal.4th at 1085.

In summary, the superior court did not unreasonably apply the some-evidence standard because more than the modicum of evidence required by this standard exists in this case. Thus, this Court should deny the Petition.

## CONCLUSION

Menchaca does not have a federally protected liberty interest in parole and, even if he does, he received all the process due. Further, the some-evidence standard does not apply, but even if it does, the state courts did not unreasonably apply that standard because some evidence supports the Board's decision denying Menchaca parole. Moreover, Menchaca's challenge is to how the Board weighed the evidence, but weighing the evidence is within the Board's exclusive

////
////
////
////
////

discretion. Finally, Menchaca's remaining claims are without merit. Accordingly, this Court should deny the Petition.

Dated: April 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Denise A. Yates*

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Menchaca v. Ayers**

No.:   **C07-4051 RMW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 25, 2008**, I served the attached

### RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Gerardo Jerry Menchaca, D-87412**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 25, 2008**, at San Francisco, California.

| J. Palomino | *(signature)* |
|---|---|
| Declarant | Signature |

40246186.wpd

Gerardo Menchaca (D-87412) v. Robert Ayers
United States District Court, Northern District of California
Case No.: C 07-4051 RMW (PR)

## INDEX OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | Abstract of Judgment |
| 2 | Subsequent Parole Consideration Hearing, May 12, 2006 |
| 3 | Probation Officer's Report |
| 4 | Rules Violation Report, Possession of a Controlled Substance |
| 5 | Rules Violation Report, Possession of a Controlled Substance |
| 6 | Rules Violation Report, Possession of a Hypodermic Syringe |
| 7 | Counseling Memoranda |
| 8 | Petition for Writ of Habeas Corpus, Santa Clara County Superior Court |
| 9 | Order, Santa Clara County Superior Court |
| 10 | Petition for Writ of Habeas Corpus, Sixth District Court of Appeal |
| 11 | Order, Sixth District Court of Appeal |
| 12 | Petition for Review, California Supreme Court |
| 13 | Docket, California Supreme Court |
| 14 | Letter from the San Jose Police Department |
| 15 | Report of Autopsy |